IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRIORITY TRANS, INC., | Case No. 1:18-cv-06186 |
| Plaintiff, | |
| v. | |
| SNYDER INDUSTRIES, INC., | |
| Defendant. | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY DEADLINE WITHOUT CONSEQUENCE**

Defendant Snyder Industries, Inc., by and through undersigned counsel, hereby submits this Objection to Plaintiff's Motion to Extend the Discovery Deadline, Doc. No. 21, without consequence.

**I.  INTRODUCTION**

Plaintiff's Motion to Extend the Discovery Deadline seeks additional time for Plaintiff to serve responses to Defendant's written discovery requests.[1] Plaintiff seeks this extension because Plaintiff has failed to submit timely responses to discovery requests Defendant served on November 30, 2018.

In filing its Motion, Plaintiff has failed to comply with this Court's Standing Orders and Local Rule 37.2. Accordingly, Plaintiff's Motion is procedurally improper.

---

[1] Plaintiff's Motion is somewhat misnamed. While the Court established November 30, 2018 as the deadline for serving written discovery requests, *see* Doc. No. 16, full fact discovery does not close until May 30, 2019, *see id*. Thus, Plaintiff does not seek to extend discovery deadlines themselves; Plaintiff only seeks leave to serve untimely discovery responses.

4814-4564-8773.1

Even if Plaintiff's Motion were proper, however, Plaintiff is not entitled to the relief it seeks without consequence. Plaintiff repeatedly has failed to meet the case deadlines established by this Court's Standing Order for the Mandatory Initial Discovery Pilot Project and the case deadlines established by the Court, *see* Doc. No. 17. More particularly, Plaintiff did not timely provide initial disclosures, did not timely produce documents identified in its initial disclosures and did not timely serve its written discovery requests. Presently, Plaintiff's Motion to Extend comes after Plaintiff missed its deadline to respond to Defendant's discovery requests. Plaintiff has not offered good cause for its failure to timely respond to the discovery requests or its failure to timely file this motion before it missed its the deadline to respond.

To the extent Plaintiff is granted an extension, it should be granted subject to order compelling a deadline for responding and further recognizing that Plaintiff has waived any objection it may otherwise have had to Defendant's discovery requests. Such a waiver is the customary consequence for a party's failure to timely respond to discovery, and nothing in the facts of this case should warrant Plaintiff avoiding that result.

**II.    BACKGROUND**

1. On July 26, 2018, Plaintiff Priority Trans, Inc. filed its Complaint at Law in the Circuit County for the Eighteenth Judicial District, DuPage County, Wheaton, Illinois against Defendant, in an action captioned as *Priority Trans, Inc. v. Snyder Industries, Inc.*, Case No. 2018L000861 ("Circuit Court Action").

2. On August 13, 2018, Defendant was served with the Summons and a copy of the Complaint via personal service.

3. On September 10, 2018, Defendant timely removed this action to this Court. *See* Doc. No. 1.

4. Upon removal, the Parties were notified by the Court of its participation in the Mandatory Initial Discovery Pilot (MIDP). *See* Doc. No. 5.

5. Pursuant to the Court's participation in the MIDP, the Parties were to serve mandatory initial discovery responses within thirty days of the filing of Defendant's Answer. Because Defendant's Answer was filed on September 17, 2018, *see* Doc. No. 7, mandatory initial discovery responses were due to be served on or before October 17, 2018.

6. Defendant served its mandatory initial discovery responses on October 17, 2018. *See* Doc. No. 12.

7. Plaintiff, on the other hand, failed to serve its mandatory initial discovery responses on Defendant by October 17, 2018. Plaintiff did not serve its mandatory initial discovery responses until October 25, 2018, which was eight days beyond the governing MIDP deadline. *See* Doc. Nos. 13 and 14.

8. Pursuant to the Court's participation in the MIDP, the parties were to produce documents identified in their initial disclosures within 30 days of serving their initial disclosures.

9. Defendant timely produced documents identified in its initial disclosures.

10. Plaintiff, on the other hand, did not produce documents identified in its initial disclosures until November 30, 2018.

11. On November 1, 2018, an initial status hearing was held. Subsequent to that hearing, the Court issued a Minute Entry order establishing certain case related deadlines. In particular, the Court set a November 30, 2018 deadline for service of initial discovery requests.

12. Defendant served its written discovery requests on November 30, 2017. *See* Doc. No. 17. Plaintiff's responses to Defendant's written discovery requests were due within 30 days of service of those requests.

4814-4564-8773.1

13. Plaintiff, on the other hand, failed to timely serve its written discovery requests. Plaintiff served its written discovery requests on December 7, 2018. *See* Doc. Nos. 18 and 19.

14. Plaintiff failed to timely respond to Defendant's written discovery requests. To date, Plaintiff has not responded to those requests, which were served November 30, 2017.

15. Defendant provided written responses to Plaintiff's late-served written discovery request on January 7, 2019. *See* Doc. No. 20.

### III. ARGUMENT

Plaintiff's Motion to Extend is procedurally deficient as it fails to comply with this Court's Standing Order and Local Rule 37.2. Plaintiff additionally has failed to identify good cause for why the discovery deadline should be extended after that deadline already has passed and after Plaintiff has repeatedly failed to meet its obligations in a timely manner.

To the extent Plaintiff is granted an extension of time to respond to Defendant's written discovery requests, the extension should not be without consequence. The Court should order Plaintiff to serve responses by a date certain without objections.

**A. Plaintiff's Motion to Extend Fails to Comply with the Court's Standing Orders and Local Rule 37.2**

This Court's Standing Order regarding discovery motions notes the Court "discourages the filing of discovery motions," and requires all such motions will not be heard or considered "unless the movant has complied with the 'meet and confer' requirement of Local Rule 37.2." This Court's Standing Order regarding motion practice also requires, "[b]efore filing a motion, the movant's counsel must ask opposing counsel whether there is an objection to the motion. Joint, uncontested, and agreed motions should be so identified in the title and body of the motion. Trial dates and discovery cutoff dates generally will not be reset except by written motion." Local Rule 37.2 states all discovery motions must include a statement "(1) that after consultation in person or by

4

telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) attempts to engage in such consultation were unsuccessful due to no fault of counsel's." N.D. Illinois, L.R. 37.2.

Plaintiff's Motion to Extend seeking an extension of time to respond to Defendant's written discovery requests was filed out of compliance with the Court's Standing Orders and Local Rule 37.2. Plaintiff did not contact counsel for Defendant, via phone or any other mechanism, to discuss Plaintiff's request to have the deadline extended. Plaintiff did not contact counsel for Defendant to notify Defendant of its intent to bring the Motion to Extend and to determine if Defendant objected to the motion. In fact, the only communication between Plaintiff and Defendant regarding the discovery deadline, and regarding Plaintiff's failure to timely respond to Defendant's written discovery, was initiated by counsel for Defendant. *See* Exhibit A, January 7, 2019 Electronic Mail to Plaintiff's Counsel in which Defendant demanded Plaintiff file responses to Defendant's discovery requests within seven (7) days or Defendant would file a motion to compel those responses. In lieu of responding to Defendant's communication, Plaintiff, without complying with its meet and confer obligations, filed the instant Motion to Extend.

### B. Plaintiff's Pattern of Delinquency Militates Against a Grant of the Requested Extension Without Consequence

Plaintiff's Motion to Extend suggests that Plaintiff has failed to timely respond to Defendant's written discovery requests because (1) a member of Plaintiff's lawyer's law firm, Tyler Willey, left that firm on December 14, 2018, and (2) another attorney at Plaintiff's lawyer's law firm, Michael Tootooian, suffered a broken leg on December 20, 2018. Motion to Extend, Doc. No. 21 at ¶ 3, 4. Notably, neither Mr. Willey nor Mr. Tootooian are identified as counsel of record for Plaintiff in this matter. Additionally, to date, counsel for Defendant have received no communication from, and have not otherwise interacted with, either of those attorneys. The only

5

attorneys from Chawla & Ravani, PC to have participated in this action to date are Mr. T. Paul S. Chawla and Mr. Bibek Das. Plaintiff has failed to explain how the incapacity of two attorneys who are not counsel of record and who have not participated in this action has prevented it from timely responding to discovery. Likewise, Plaintiff has failed to explain how the incapacity of these two attorneys prevented it from requesting an extension directly from Defendant or the Court prior to the passing of its response deadline. Had Plaintiff done so, Defendant would have considered such a request. Plaintiff did not do so, and Plaintiff has failed to show good cause why the deadline should be excused.

The lack of good cause is reinforced by Plaintiff's pattern of failing to timely meet its obligations in this case, even with respect to deadlines that predate the apparent incapacity of Messrs. Willey and Tootooian. To date, the Parties have been required to (1) timely serve mandatory initial discovery responses; (2) timely serve documents identified in their initial disclosures; (3) serve written discovery responses by November 30, 2018; and (4) respond to discovery responses within 30 days. Plaintiff has failed to meet any of those deadlines. Presently, Plaintiff's responses to Defendants discovery requests, which were due December 31, 2018, have yet to be received. Had Plaintiff's failure to respond to Defendant's discovery responses been the sole instance of Plaintiff missing a deadline, then erring on the side of providing Plaintiff with an extension without consequence might be warranted. Given Plaintiff's repeated failures in this regard, however, an extension without consequence would reward Plaintiff for its tardiness without good cause.

Finally, Plaintiff's untimely responses prejudice Defendant. In each instance, Defendant has timely provided discovery disclosures and responses to Plaintiff. Plaintiff, by delaying its responses, has garnered the ability to review Defendant's discovery materials and to adjust its

6

approach accordingly. Plaintiff's written discovery requests, which were served a week after Defendant's, closely resemble those Defendant served on it. Plaintiff filed this action and should be required to timely prosecute the claims it has asserted, not merely react to Defendant's defense. Plaintiff's repeated failure to timely meet its obligations, and the advantages that may provide to Plaintiff, should not be rewarded by granting its tardy Motion to Extend without consequence.

### C. To the Extent an Extension is Granted, Plaintiff Should Be Deemed to Have Waived All Objections to Defendant's Written Discovery Requests

Plaintiff's Motion to Extend is procedurally deficient and Plaintiff has failed to demonstrate good cause as to why a late extension should be granted. To the extent the Court chooses to grant Plaintiff such an extension, however, the Court should do so with the condition that Plaintiff is deemed to have waived any objections to the discovery requests served by Defendant and must respond to those requests in their entirety. Plaintiff's responses to Defendant's written discovery are already untimely. Absent good cause shown, waiver of objection is the customary sanction for a party's failure to timely respond to written discovery, as is the case here. *See Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc.*, 236 F.R.D. 396, 398 (N.D. Ill. 2006) ("Failure to timely assert objections to discovery requests may result in a waiver of all objections that could have been seasonably asserted."); *Martinez v. Cook Cty.*, No. 11 C 1794, 2012 WL 6186601, at *3 (N.D. Ill. Dec. 12, 2012) ("JTD may not pose any objections to the interrogatories and requests for production of documents as those objections, if any, are considered to have been waived."); *Wielgus v. Ryobi Techs., Inc.*, No. 08 CV 1597, 2010 WL 3075666, at *3 (N.D. Ill. Aug. 4, 2010). Because Plaintiff has already missed its deadline, and did not seek to extend that deadline in a timely manner, it should be required to respond to Defendant's discovery requests without objection.

7

## IV. CONCLUSION

For the foregoing reasons, Defendant Snyder Industries, Inc. respectfully requests the Court not grant Plaintiff's Motion to Extend the Discovery Deadline, Doc, No. 21, without consequence. Rather the Court should order Plaintiff to immediately provide responses to Defendant's written discovery requests, and further order that Plaintiff has waived all objections to Defendant's written discovery requests.

Respectfully submitted this 16th day of January, 2019.

SNYDER INDUSTRIES, INC.

By *s/ Patrick B. Griffin*
Kimberly M. Hare #6323326
KUTAK ROCK LLP
One South Wacker Drive, Suite 3910
Chicago, IL 60606-4614
Phone: (312) 602-4100
Fax: (312) 602-4101
kimberly.hare@kutakrock.com

and

Patrick B. Griffin (*pro hac vice*)
Edward M. Fox, II (*pro hac vice*)
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102
Phone: (402) 346 6000
Fax: (402) 346 1148
patrick.griffin@kutakrock.com
edward.foxII@kutakrock.com

8

## CERTIFICATE OF SERVICE

      I hereby certify that on January 16, 2019, I electronically filed the foregoing with the Court of Clerk using the CM/ECF system, which will send notification of the filing to the following:

T. Paul S. Chawla
tschawla@chawlaravani.com

                                              *s/ Patrick B. Griffin*
                                              Patrick B. Griffin

4814-4564-8773.1