IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PRIORITY TRANS, INC., | ) | |
| | ) | Case No. 18 C 6186 |
| Plaintiff, | ) | |
| | ) | Judge John Z. Lee |
| v. | ) | |
| | ) | |
| SNYDER INDUSTRIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Priority Trans, Inc. ("Priority Trans") has filed state law causes of action against Snyder Industries, Inc. ("Snyder") relating to Snyder's alleged failure to pay Priority Trans for various freight and freight forwarding services. More specifically, Priority Trans asserts claims based upon breach of contract, account stated, quantum meruit, unjust enrichment, and fraudulent concealment. Snyder has moved for summary judgment [34] as to all of these claims. For the reasons that follow, that motion is granted.

## Factual Background

### I. Local Rule 56.1

"[A] district court is entitled to decide [a summary judgment] motion based on the factual record outlined in the [parties'] Local Rule 56.1 statement." *Bolden v. Barnes*, No. 12 C 5291, 2013 WL 5737359, at *1 (N.D. Ill. Oct. 22, 2013) (alterations in original) (quoting *Koszola v. Bd. of Educ. of City of Chi.*, 385 F.3d 1104, 1109 (7th Cir. 2004)); *see also Stevo v. Frasor*, 662 F.3d 880, 886–87 (7th Cir.

2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings."); *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809 (7th Cir. 2005); *Bielawski v. Midland Funding LLC*, No. 18 C 2513, 2019 WL 4278042, at *1 (N.D. Ill. Sept. 10, 2019).

Snyder, in accordance with our local rules, *see* Local Rule 56.1(a)(3), filed a statement of undisputed facts along with its summary judgment motion. *See* Snyder's L.R. 56.1 Stmt. of Facts ("Snyder's SOF"), ECF No. 36. Although Priority Trans responded in writing to the summary judgment motion, Resp. to Mot. for SJ, ECF No. 37, it did not file either a Local Rule 56.1(b)(3)(B) response to Snyder's Local Rule 56.1(a)(3) statement or a Local Rule 56.1(b)(3)(C) statement of additional facts. As a result, the facts listed in Snyder's Local Rule 56.1(a)(3) statement are "deemed admitted and constitute the entire factual record on which [its] summary judgment motion will be resolved." *Bolden*, 2013 WL 5737359, at *2; *see* N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880, 884 (7th Cir. 2012); *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010).

Priority Trans's response to the summary judgment motion makes certain factual assertions. *See* Resp. to Mot. for SJ. But "[t]hese facts are disregarded because facts may be considered on summary judgment only if they are presented

in a compliant Local Rule 56.1 statement or response." *Bolden*, 2013 WL 5737359, at *2; *see Midwest Imps., Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995) (holding that the predecessor to Local Rule 56.1(b)(3) "provides the only acceptable means of . . . presenting additional facts to the district court"); *Gray v. Ghosh*, No. 11 C 5513, 2014 WL 3016129, at *4 (N.D. Ill. July 3, 2014) ("Under settled law, facts asserted in a brief but not presented in a Local Rule 56.1 statement are disregarded in resolving a summary judgment motion." (quoting *Dunhill Asset Servs. III, LLC v. Tinberg*, No. 09 C 5643, 2012 WL 3028334, at *3 (N.D. Ill. July 23, 2012))).

## II. Relevant undisputed facts

The record, viewed as favorably to Priority Trans as permitted by Local Rule 56.1, indisputably establishes the following relevant facts. Priority Trans, which ceased operations on or about October 2017, is an Illinois corporation that was in the business of providing transportation services. Snyder's SOF ¶¶ 3–4. Snyder, a Nebraska corporation that designs and manufactures highly engineered durable products, for a time contracted directly with Priority Trans for the provision of freight and freight forwarding services. *Id.* ¶¶ 5, 12.

Since February 1, 2017, however, Snyder has exclusively contracted for such services with a different provider, a Mortgen Engmark, who does business under the name "Priority Worldwide." *Id.* ¶ 21. Over this period, Engmark has had no relationship with Priority Trans. *Id.* ¶ 9.

Engmark provided all freight and freight forwarding services to and for the benefit of Snyder either personally or by retaining other independent service

3

providers. *Id.* ¶ 21. These third parties included, among others, Priority Trans. *Id.* ¶ 28. When contracting with third-party providers for the provision of services to Snyder, Engmark agreed to pay these providers for their services directly, *id.* ¶ 27, and they sent their invoices to Engmark for payment, *id.* ¶ 30. As relevant here, given its arrangement with Engmark, Snyder had no direct communications with Priority Trans regarding freight and/or freight forwarding services. *Id.* ¶ 23.

In March 2018, Priority Trans sent Snyder a "Statement of Account" identifying nearly thirty invoices demanding payment for transportation services. *Id.* ¶ 33. But Snyder already had paid Engmark for the services that were the subject of all but five of the invoices. *Id.* ¶¶ 41–42, 45.

Of the remaining five, Snyder paid two of them because they related to services Priority Trans had provided prior to February 1, 2017, *id.* ¶ 52, and the remaining three did not relate to Snyder at all, *id.* ¶¶ 53–56. Snyder, through its Global Trade and Compliance Manager, Susan Smith, repeatedly advised Priority Trans that Snyder was not responsible for, and would not be paying, the amounts Priority Trans claims it was owed. *Id.* ¶¶ 38–40.

## **Legal Standard**

Summary judgment is appropriate when the movant shows no genuine dispute exists as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To survive summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts,"

4

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and instead must "establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772–73 (7th Cir. 2012).

## Analysis

Priority Trans's first claim is for breach of contract (Count I). "The elements of a cause of action for breach of contract, whether oral or written, 'include the existence of a valid and enforceable contract, performance by the plaintiff, breach of the contract by the defendant, and resultant damages or injury to the plaintiff.'" *Sheth v. SAB Tool Supply Co.*, 990 N.E.2d 738, 754 (Ill. App. Ct. 2013) (quoting *Razor Capital v. Antaal*, 972 N.E.2d 1238, 1246 (Ill. App. Ct. 2012)).

Priority Trans has not demonstrated a genuine issue of material fact as to its breach of contract claim. Of the thirty invoices at issue, only two represent agreements between Snyder and Priority Trans, and Snyder paid them in full. Snyder's SOF ¶¶ 52. The remaining invoices stem from contracts between Priority Trans and companies other than Snyder. *Id.* ¶¶ 41–42, 45, 53–56. And there is no evidence that any of those other companies assigned their rights to Priority Trans. *See generally First Illinois Nat. Bank v. Knapp*, 615 N.E.2d 75, 78 (Ill. App. Ct. 1993) (discussing the assignment of contractual rights).

Priority Trans's account-stated claim (Count II) also cannot survive summary judgment. First of all, Priority Trans does not even address Snyder's challenge to this claim in its brief in opposition to summary judgment and, thus, has conceded

this issue. *Cf. Maclin v. SBC Ameritech*, 520 F.3d 781, 788 (7th Cir. 2008) ("In her response to [Defendant's] motion for summary judgment, [Plaintiff] failed to defend her claim against these arguments. She therefore abandoned the claim.").

In any event, summary judgment would be warranted even if the Court were to look past Priority Trans's concession. While "an account stated" is established "[w]hen one party renders a statement of account to another, who retains it without objection for longer than is reasonable," *Toth v. Mansell*, 566 N.E.2d 730, 735 (Ill. App. Ct. 1990), the record indisputably establishes that Snyder, through its Global Trade and Compliance Manager, actively and repeatedly advised Priority Trans that Snyder was not responsible for, and would not be paying, the amounts Priority Trans claimed was due and owing to it. Snyder's SOF ¶¶ 38–40.

Priority Trans's claims for quantum meruit (Count III) and unjust enrichment (Count IV) also fail as a matter of law. Both claims require a showing that the defendant voluntarily accepted the benefit alleged to be unjustly retained, *see Hayes Mech., Inc. v. First Indus., L.P.*, 812 N.E.2d 419, 430 (Ill. App. Ct. 2004); *Aardema v. Fitch*, 684 N.E.2d 884, 889 (Ill. App. Ct. 1997), and the record is devoid of any facts indicating that Snyder either requested or consented to Priority Trans performing any of the freight and freight forwarding services that are at issue. *See, e.g., Springfield Heating & Air Conditioning, Inc. v. 3947-55 King Drive At Oakwood, LLC*, 901 N.E.2d 978, 986 (Ill. App. Ct. 2009) ("As a general rule, relief under an unjust enrichment theory is inapplicable where the entire work is contracted for and placed under a general contractor who has the power to employ

6

whom he chooses, because in such circumstances the owner has the right to presume that work is being done for and on behalf of the contractor." (internal quotation marks omitted)).

Finally, the Court also grants summary judgment to Snyder as to Priority Trans's fraudulent-concealment claim (Count V). Among other shortcomings, there is nothing in the record suggesting that Snyder concealed any facts, let alone any material facts, from Priority Trans, as would be required to establish fraudulent concealment. *See Trustees of AFTRA Health Fund v. Biondi*, 303 F.3d 765, 777 (7th Cir. 2002).

## Conclusion

For the foregoing reasons, the Court grants Snyder's motion for summary judgment. Civil case terminated.

**IT IS SO ORDERED.**                         **ENTERED: 3/18/20**

                                                   **John Z. Lee**
                                                   **United States District Judge**